UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 25, 2013

LETTER TO COUNSEL

      RE: *Billie Jo Cancel v. Commissioner of Social Security*;
            Civil No. SAG-13-971

Dear Counsel:

      On April 1, 2013, claimant Billie Jo Cancel petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 18). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Cancel filed her claims for benefits on June 10, 2010, alleging disability beginning on May 24, 2008. (Tr. 134-44). Her claim was denied initially on August 27, 2010, and on reconsideration on January 3, 2011. (Tr. 56-60, 65-68). After a hearing, (Tr. 20-51), an Administrative Law Judge ("ALJ") issued an opinion denying benefits because he determined that Ms. Cancel was not disabled. (Tr. 7-19). The Appeals Council denied Ms. Cancel's request for review, (Tr. 1-5), so the ALJ's opinion is the final, reviewable decision of the agency.

      The ALJ found that Ms. Cancel suffered from the severe impairments of discogenic and degenerative disc disease, status post spinal fusion, degenerative joint disease of the shoulders, elbow pain, and various unspecified arthralgias. (Tr. 12). Despite these impairments, the ALJ found that Ms. Cancel had retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes or scaffolds; can occasionally perform all other postural activity; can occasionally reach overhead with dominant upper extremity and can handle work activity requiring skills at SVP 3 level (defined as proficiency levels for jobs that can be learned from 30 days to 3 months.).

(Tr. 15). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Cancel could perform her past relevant work as a counter clerk and file clerk, and that she

therefore was not disabled. (Tr. 18).

Ms. Cancel makes one primary argument in support of her appeal, namely that the ALJ erred in adjudicating the severity of her impairments including fibromyalgia, bilateral manipulative difficulties, depression, and migraines. The argument is largely unpersuasive, because error in determining whether an impairment is severe at Step Two is harmless if the ALJ proceeds to the remaining Steps of the sequential evaluation and analyzes all evidence of impairments, whether severe or non-severe. *See* 20 C.F.R. § 404.1523. The ALJ's opinion, as a whole, contains sufficient discussion pertaining to fibromyalgia, manipulative difficulties, and depression to permit review, and I find the ALJ's conclusions that fibromyalgia and depression are non-severe to be supported by substantial evidence.[1] However, I agree that the ALJ has not provided sufficient analysis for me to determine whether his conclusions as to Ms. Cancel's migraines, and her corresponding ability to perform past relevant work, are premised on substantial evidence. Remand is therefore warranted.

With respect to migraines, the ALJ noted, "The claimant's migraines also have little supporting medical evidence to establish it as a severe medical impairment. The claimant testified that at the hearing, she had issues when she was working, but they now occur about once every two months." (Tr. 13). As a result, the ALJ concluded that migraines were not a severe impairment. Similarly, in the RFC analysis, the ALJ noted, "She testified that she last worked at the Motor Vehicle Administration and left because it required her to sit for 7 ½ hours and her migraine headaches began to occur more frequently due to the constant staring at the computer. When working at MVA, her migraine headaches were once per week, but since she left MVA, she has approximately one every other month." (Tr. 16). During the hearing, the ALJ asked very limited questions regarding Ms. Cancel's prior employment as a counter clerk (at MVA) and file clerk, and did not explore her use of computers at those jobs or the relationship between frequent computer use and Ms. Cancel's migraines. (Tr. 45-46). The ALJ's determination that migraines are not a severe impairment solely because they have become infrequent since Ms. Cancel left the MVA is not reconcilable, absent analysis, with the determination that Ms. Cancel is capable of her past relevant work. Remand is therefore appropriate for the ALJ to consider whether or not Ms. Cancel's migraines preclude her ability to perform her past relevant work, and/or whether she would be capable of other employment with appropriate restrictions to account for apparent migraine triggers. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Cancel was ineligible for benefits was correct or incorrect.

---

[1] With respect to the manipulative impairment, the ALJ included a restriction in the RFC to "occasionally reach overhead with dominant upper extremity." (Tr. 15). Ms. Cancel contends that the limitation should have been bilateral, citing the finding of the State Agency physician attributing the manipulative limitations to "cervical spine and neck pain" rather than a shoulder issue. Pl. Mot. 4; (Tr. 347) ("would limit constant, frequent overhead reaching due to dec rom [decreased range of motion] of the cervical spine and neck pain."). While this issue alone may not have merited remand, because the case is being remanded on other grounds, the ALJ should also provide analysis on remand regarding the unilateral or bilateral nature of the manipulative limitation.

*Billie Jo Cancel v. Commissioner of Social Security*
Civil No. SAG-13-971
November 25, 2013
Page 3

    For the reasons set forth herein, Ms. Cancel's motion for summary judgment (ECF No. 15) and Defendant's motion for summary judgment (ECF No. 18) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                        Sincerely yours,

                            /s/

                        Stephanie A. Gallagher
                        United States Magistrate Judge